**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

<u>Gregory Brian Sullivan</u>

    v.                                      Case No. 23-cv-14-LBM

<u>Clerk's Office,</u>
<u>United States District Court,</u>
<u>District of Maine</u>

**REPORT AND RECOMMENDATION**

    In May 2022, plaintiff Gregory Brian Sullivan, appearing pro se, filed suit in this court against more than sixty-five individuals, businesses, and local, state and federal agencies, alleging a conspiracy to violate his and others' constitutional and statutory rights.  <u>See</u> Sullivan v. Chester Water Auth., et al., No. 22-cv-147-JDL (D. Me. filed May 17, 2022) ("Sullivan I").  After conducting preliminary review pursuant to 28 U.S C. § 1915, Magistrate Judge Nivison recommended dismissal of the case.  <u>Id.</u>, July 22, 2022 Report and Recommendation ("R&R") (Doc. No. 11).  Chief Judge Levy accepted the R&R, <u>id.</u>, Aug. 31, 2022 Order (Doc. No. 13), and judgment entered in the defendants' favor.  Mr. Sullivan did not appeal.

    In the instant case, Mr. Sullivan has sued United States District Court for the District of Maine's Clerk's office, alleging that Sullivan I case was "selectively edited," after he filed it.  Compl. (Doc. No. 1) at 3.  He seeks to have Sullivan I "reviewed." <u>Id.</u>

In addition to the complaint, Mr. Sullivan has filed a motion to proceed without prepayment of the filing fee. (Doc. No. 18). That motion is granted. As Mr. Sullivan is proceeding in forma pauperis, a preliminary review of the complaint is appropriate. 28 U.S.C. § 1915(e)(2).

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of pro se pleadings, like Mr. Sullivan's that are filed in forma pauperis. See id. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. Id. In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

As noted above, the only specific factual allegation in Mr. Sullivan's complaint is that someone – presumably in the Clerk's office – "selectively edited" – some aspect of Sullivan I. The complaint does not give any detail as to the alleged editing, but merely asks this court to "review" Sullivan I. Regardless of the factual particulars, however, this court lacks subject matter jurisdiction to "review" Sullivan I, as Mr. Sullivan requests.

Disagreements with rulings in one lawsuit are matters for appeal, not litigation in another lawsuit. See, e.g., Forrester v. White, 484 U.S. 219, 225 (1988) (explaining, in the context of judicial immunity, the public policy behind limiting collateral attacks on judicial decision-making in favor of establishing "appellate procedures as the standard system for correcting judicial error"); Span E. Airlines, Inc. v. Digital Equip. Corp., 486 F. Supp. 831, 833 (D. Mass. 1980) ("Such a review is the function of the Court of Appeals for the First Circuit to which defendants may appeal should they decide to do so at some time in the future."). This court lacks authority to hear an appeal of the rulings made by another federal judge. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995). (reiterating that federal court orders are to be respected unless and until they are reversed either by the issuing court

itself or a higher court); Johnson v. U.S. Judges, No. 14-11273-DPW, 2014 WL 3109962, at *2 (D. Mass. July 7, 2014) (dismissing lawsuit against federal judges for lack of jurisdiction because district courts lack jurisdiction to review decisions made by other district courts); see also Wiley v. Wilkins, 134 F. Supp. 3d 308, 309 (D.D.C. 2015), aff'd, 671 F. App'x 807 (D.C. Cir. 2016) (same); cf. Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923) ("[N]o court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment [of a state court] for errors of that character.  To do so would be an exercise of appellate jurisdiction.  The jurisdiction possessed by the District Courts is strictly original.") (citation omitted).

Against this backdrop, only the Court of Appeals for the First Circuit (and then the Supreme Court) has appellate jurisdiction over any claim relating to the court's handling of Sullivan I. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). Mr. Sullivan cannot sidestep the appellate courts' exclusive jurisdiction to review Sullivan I by making vague assertions of wrongdoing against court personnel.

Because this court lacks authority to hear a challenge to another federal judge's rulings, the court lacks subject-matter

jurisdiction to hear this lawsuit. The court therefore recommends that this action be dismissed.

## Conclusion

Plaintiff's motion to proceed without prepayment of fees and costs (Doc. No. 18) is granted. Based on the foregoing, it is recommended that the district judge dismiss this lawsuit for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 27, 2023

cc: Gregory Brian Sullivan, pro se